1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11            Plaintiff,                    No. 2:11-cv-01322 KJM KJN PS

12        v.

13   SHADI RAM, Individually and d/b/a
     One Stop Mart; AVTAR CHAMBER,
14   Individually and d/b/a One Stop Mart;
     RAM MARKETS, Inc., a California
15   Corporation,

16            Defendants.                   ORDER and STATUS (PRETRIAL
                                            SCHEDULING) ORDER
17   _____/

18

19            READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES

20   THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL

21   AND PARTIES MUST COMPLY.[1]  FAILURE TO COMPLY WITH THE TERMS OF THIS

22   ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

23   SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

24   ORDER OF JUDGMENT.

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

1   On October 20, 2011, this case was before the undersigned for a status (pretrial

2   scheduling) conference.  Plaintiff Scott N. Johnson, an attorney, appeared at the conference and

3   represented himself.  Defendants Shadi Ram and Avtar Chamber appeared at the conference,

4   along with non-defendant and non-attorney Sunil Chamber, who is Mr. Ram's son and Avtar

5   Chamber's brother.  No appearance was entered on behalf of defendant Ram Markets, Inc.

6   Although Shadi Ram, Avtar Chamber, and Sunil Chamber represented that they are the officers

7   of Ram Markets, Inc., a corporation may only appear in federal court through a licensed attorney.

8   See E. Dist. Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.");

9   accord United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam)

10  (stating that "[a] corporation may appear in federal court only through licensed counsel").

11  Based on the parties' respective status reports and representations at the

12  scheduling conference, the undersigned enters the following order:

13  <u>NATURE OF CASE</u>

14  Plaintiff's complaint, filed on May 16, 2011, seeks preliminary and permanent

15  injunctive relief, declaratory relief, retention of jurisdiction, statutory damages, costs, and

16  reasonable attorney's fees.  (See Dkt. No. 1.)  Plaintiff alleges that defendants violated his civil

17  rights by denial of full and equal access to a public accommodation to physically disabled

18  persons.[2]  He alleges violations of Title III of the American with Disabilities Act of 1990, 42

19  U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.

20  <u>SERVICE OF PROCESS AND FILING OF ANSWERS</u>

21  Proper service of process appears to be undisputed.  However, not all defendants

22  have appeared in the action.

23  On July 1, 2011, defendant Shadi Ram filed a letter with the court that appears to

24  have been an attempt to file an answer (Dkt. No. 7).  However, that letter does not conform to the

25

26  [2]  This brief factual recitation is not intended as a comprehensive recitation of plaintiff's allegations and is not a binding statement of the facts alleged by plaintiff.

2

1  requirements of Federal Rule of Civil Procedure 8(b).  *On or before November 10, 2011, Mr.*

2  *Ram shall file an amended answer with the court* that conforms with Rule 8(b), and also

3  indicates whether Mr. Ram wishes to have a jury trial or bench trial in this case.

4  Until the day of the scheduling conference, defendant Avtar Chamber had not

5  appeared in this action.  Plaintiff previously requested that the Clerk of Court enter Mr.

6  Chamber's default, and on October 13, 2011, the Clerk of Court entered Mr. Chamber's default

7  (Dkt. Nos. 11-12).  However, at the scheduling conference, and in light of Mr. Chamber's

8  appearance, plaintiff stipulated to the setting aside of the Clerk's entry of default against Mr.

9  Chamber.  Accordingly, the Clerk's Certificate of Entry of Default against Mr. Chamber is set

10  aside.  *On or before November 10, 2011, Mr. Chamber shall file an answer with the court* that

11  conforms with Rule 8(b), and also indicates whether Mr. Chamber wishes to have a jury trial or

12  bench trial in this case.

13  No appearance has been made in this action on behalf of defendant Ram Markets,

14  Inc.  At the scheduling conference, plaintiff noted the possibility that the letter filed by Mr. Ram

15  on July 1, 2011, was filed on behalf of both Mr. Ram and Ram Markets, Inc.  To the extent that

16  the letter filed by Mr. Ram on July 1, 2011, was filed on behalf of Ram Markets, Inc., it is

17  stricken pursuant to Federal Rule of Civil Procedure 12(f)(1) because a corporation may appear

18  in federal court only through a licensed attorney.  See E. Dist. Local Rule 183(a); accord High

19  Country Broad. Co., 3 F.3d at 1245.

20  JOINDER OF PARTIES/AMENDMENTS

21  No further joinder of parties or amendments to pleadings will be permitted except

22  with leave of court and upon a showing of good cause.  However, as noted above, Mr. Ram shall

23  file an amended answer no later than November 10, 2011.

24  JURISDICTION/VENUE

25  Jurisdiction and venue are undisputed and are hereby found to be proper.  See 28

26  U.S.C. § 1331; 28 U.S.C. § 1391(b).

3

MOTION HEARING SCHEDULES

   All law and motion, except as to discovery-related matters, shall be *completed* by January 17, 2013.  The word "completed" in this context means that all law and motion matters must be *heard* by the above date.  Counsel (and/or pro se parties)[3] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

   The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

   ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

   To the extent that the parties who have appeared in the action have not already exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), they shall exchange such initial disclosures on or before December 16, 2011.

---

   [3]  Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing in propria persona or pro se.

4

All discovery shall be *completed* by November 21, 2012.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be *heard* not later than November 1, 2012.  The parties are reminded that discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251.

EXPERT DISCLOSURES

The parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule: initial expert disclosures shall be made on or before August 3, 2012; rebuttal expert disclosures shall be made on or before September 7, 2012.

An expert witness not appearing on such lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case.  Another term for their opinions are "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions.  However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may also be percipient experts, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.  A Rule 26 expert may express opinions formed for the purposes of the litigation.  A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert.  This information is due at the time of designation.  Failure to supply the required information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation.  The court will closely scrutinize for discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

At present, a final pretrial conference will take place before United States District Judge Kimberly J. Mueller in Courtroom No. 3.  The precise date and time of the final pretrial conference will be set by the court at a future date.

Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE

1   GROUNDS FOR SANCTIONS.

2         Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement*

3   not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall

4   conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual

5   issues shall be set forth in two separate sections.  The parties should identify those facts which

6   are relevant to each separate cause of action.  In this regard, the parties are to number each

7   individual fact or factual issues.  Where the parties are unable to agree as to what factual issues

8   are properly before the court for trial, they should nevertheless list in the section on "DISPUTED

9   FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the

10   controversy concerning each issue.  The parties should keep in mind that, in general, each fact

11   should relate or correspond to an element of the relevant cause of action.  The parties should also

12   keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

13   parties about the precise *issues* that will be litigated at trial.  The court is not interested in a

14   listing of all evidentiary facts underlying the issues that are in dispute.[4]  The joint statement of

15   undisputed facts and disputed factual issues is to be filed with the court concurrently with the

16   filing of the joint pretrial statement.

17         Pursuant to Local Rule 281(b), the parties are required to provide with their

18   pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter

19   for what purpose.  These lists shall *not* be contained in the pretrial statement itself, but shall be

20   attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's

21   exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically.  The

22   pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial

23   not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.

24   On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

25   _____

26         [4]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

7

1  viewed as an abuse of the court's processes.

2         Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil

3  Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation

4  and simplification of issues and the elimination of meritless claims or defenses; (b) settling of

5  facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative

6  evidence.  The parties must prepare their joint pretrial statement and participate in good faith at

7  the pretrial conference with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN

8  THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding

9  proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

10  TRIAL SETTING

11         At present, the trial in this case shall take place before District Judge Mueller in

12  Courtroom No. 3.  The court anticipates that the trial will take approximately four trial days.  The

13  precise date and time of the trial, as well as whether the case will be tried before the court or a

14  jury, will be set by the court at a future date.

15  SETTLEMENT CONFERENCE & VOLUNTARY DISPUTE RESOLUTION PROGRAM

16         From the representations in the joint status report and at the scheduling

17  conference, it appears that the parties might be presently amenable to settlement discussions.

18  Once the parties believe that a settlement conference would be beneficial, they shall file with the

19  court a written stipulation to participate in a proposed settlement conference.  The parties shall

20  conduct any settlement conference before a magistrate judge other than the undersigned unless

21  the parties stipulate to the undersigned acting as the settlement judge and also file written waivers

22  of any disqualification by virtue thereof.  The parties shall file settlement conference statements

23  drafted in conformity with Local Rule 270 no later than fourteen days before any settlement

24  conference.

25         The court's Voluntary Dispute Resolution Program ("VDRP") is unavailable

26  unless all parties are represented by an attorney.  See E. Dist. Local Rule 271(a)(2).  As the

8

defendants who have appeared in the action are proceeding pro se, no referral to VDRP may be made at this time.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause."  See, e.g., Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  The parties and counsel are cautioned that changes to any of the scheduled dates might result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

Mere agreement by the parties pursuant to a stipulation does not constitute good cause.  Similarly, the unavailability of witnesses or counsel, except in extraordinary circumstances, does not constitute good cause.

FILING OF CONSENT FORMS

The parties have not yet filed the form indicating whether they consent to or decline the jurisdiction of the magistrate judge.[5]  On or before November 10, 2011, all parties shall file a notice with the court, preferably on the form that accompanied the Order Setting Status Conference in this case (see Dkt. No. 4, Doc. No. 4-2), whether they consent to or decline the jurisdiction of the magistrate judge.

SUMMARY OF ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1.       This case shall proceed along the schedule detailed above except as amended by a future order of the court.

---

[5]  This court's Local Rule 301 provides: "Upon the consent of all appearing parties, the Magistrate Judges are specially designated to conduct any and all proceedings in any civil action, including the conduct of jury or nonjury trials, and to order the entry of final judgments, in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(a)(5) and (c). In such actions, L.R. 303 and 304 shall be inapplicable."

1          2.       On or before November 10, 2011, defendant Shadi Ram shall file an

2  amended answer with the court.

3          3.       The Clerk's entry of default as to defendant Avtar Chamber (Dkt. No. 12)

4  is set aside.

5          4.       On or before November 10, 2011, defendant Avtar Chamber shall file an

6  answer with the court.

7          5.       On or before November 10, 2011, all parties shall file a notice with the

8  court, preferably on the form that accompanied the Order Setting Status Conference in this case

9  (see Dkt. No. 4, Doc. No. 4-2), whether they consent to or decline the jurisdiction of the

10  magistrate judge.

11          IT IS SO ORDERED.

12  DATED:  October 20, 2011

13

14

15                             KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26